IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHEEM JOHNSON, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-cv-203 |
|     v. | : | |
| | : | (Judge Rambo) |
| DEPUTY TRITT, *et al.*, | : | |
|     Defendants | : | |

## MEMORANDUM

This matter is before the Court pursuant to the motion to compel discovery (Doc. No. 26) filed by *pro se* Plaintiff Raheem Johnson ("Johnson"). After receiving an extension of time (Doc. Nos. 38, 39), Defendants filed their response to the motion on May 30, 2019 (Doc. No. 40). Johnson has neither filed a reply brief nor moved for an extension of time to do so. Accordingly, the motion to compel discovery is ripe for disposition.

## I. BACKGROUND

Johnson, who is presently confined at the State Correctional Institution in Chester, Pennsylvania ("SCI Chester"), initiated this action in January of 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* with the United States District Court for the Eastern District of Pennsylvania. (Doc. Nos. 1, 5.) In his complaint, Johnson alleges that while he was confined at SCI Frackville and SCI Mahanoy, Defendants violated his rights under

the Eighth Amendment, as well as his rights under the Americans with Disabilities Act ("ADA"), by failing to provide handicap-accessible showers, pain medication, and a referral to a patella specialist. (Doc. No. 5.) By Order entered on January 26, 2018, the Eastern District of Pennsylvania transferred the matter to this Court. (Doc. No. 3.)

Defendants Bowser, Brittian, Delbaso, Dowd, Holly, Moore, Mros, Tritt, Wetzel, and the Department of Corrections ("DOC")[1] filed their answer to Johnson's complaint on July 9, 2018. (Doc. No. 20.) Johnson filed his motion to compel on December 20, 2018. (Doc. No. 26.) By Order entered on January 15, 2019, the Court granted Defendants' motion to depose Johnson (Doc. No. 29) and directed that discovery be completed on or before March 15, 2019 and that dispositive motions be filed by April 15, 2019 (Doc. No. 29).

On April 12, 2019, Defendants filed a motion to reopen discovery and extend the deadline for dispositive motions, noting that they had been unable to depose Johnson prior to the close of discovery. (Doc. No. 33.) That same day, the Court received a letter from Johnson, asking the Court to rule on his motion to compel. (Doc. No. 34.) By Order entered on May 1, 2019, the Court directed Defendants to

---

[1] Defendant Dr. Pandya has not yet appeared in this action. By Order entered on April 16, 2019, the Court directed the United States Marshal Service to serve Defendant Pandya with a summons and copy of the complaint. (Doc. No. 35.) The summons has not yet been returned to the Court as either executed or unexecuted.

2

respond to Johnson's motion to compel, granted Defendants' motion to reopen discovery and extend the dispositive motions deadline, directed the parties to complete discovery within sixty (60) days, and directed them to file any dispositive motions within ninety (90) days. (Doc. No. 37.)

**II. DISCUSSION**

Central to Johnson's motion to compel are two (2) requests for documents dated May 11, 2018.[2] Those requests and Defendants' responses are:

---

[2] Johnson's request for documents also included the following three requests:

> 2. Any and all policies, and documents concerning the [DOC], not being obligated to follow any "Outside Physicians order, or any outside facility, or specialist orders."
>
> Response: OBJECTION. Responding Defendants OBJECT to this request in that it is overly broad, vague and confusing.
>
> Without waiver of objection, to the best of Defendant[s'] knowledge there is not a Department of Corrections policy that states physicians are obligated to follow any order by an outside physician, facility or specialist.
>
> In addition, all DOC public policies are available for review in the library at SCI-Camp Hill.
>
> 3. Any and all documentation and orders, made by the Bureau of Health Care Services, made in regards to my condition and my care.
>
> Response: See attached documents regarding your Disability Accommodations Request to the Bureau of Health Care Services.
>
> Plaintiff may schedule an appointment to review the relevant documents by submitting a Department Form DC-135A "Inmate Request to Staff" to the Superintendent's Assistant at SCI-Camp Hill. Plaintiff will be given a reasonable amount of time to examine and inspect the aforementioned documents. Plaintiff will have the option to obtain copies of the documents at his expense; however,

3

1. A copy of the Plaintiff's medical record, while in custody

Response: OBJECTION. Responding Defendants OBJECT to this request in that it is overbroad and unduly burdensome as to the time frame requested.

Responding Defendants further OBJECT to this request in that it seeks irrelevant information and information not reasonably calculated to lead to the discovery of admissible evidence because not all of Plaintiff's medical records are relevant to the claims against the Defendants. In addition, Plaintiff may not review his mental health records, as they are confidential and privileged.

Without waiver of objection, Plaintiff may schedule an appointment to review his relevant medical records by submitting a Department Form DC-135A "Inmate Request to Staff" to the Superintendent's Assistant at SCI-Camp Hill. Plaintiff will be given a reasonable amount of time to examine and inspect the aforementioned documents. Plaintiff will have the option to obtain copies of the documents at his expense; however, Plaintiff should note that charges for the photocopies will be in accordance with DC-DDM 003.

4. Any and all video footage that plaintiff requested in grievances to be held as part of the evidence in regards to any and all grievances filed for medical reasons.

---

Plaintiff should note that charges for the photocopies will be in accordance with DC-DDM 003.

5. Any and all documents pertaining to every transfer of plaintiff from June, of 2017, to date and the reports that were generated as a result of each transfer, along with all documentation as to plaintiff['s] disability in regards to said transfers.

Response: OBJECTION. Responding Defendants object to this request to the extent that it seeks documents that inmates are not privy to and are confidential because of security reasons associated with state prisons.

(Doc. No. 26-1 at 6-8, 9.) In his motion to compel, however, Johnson suggests that he is "do[ing] away with his second and third requests. (Doc. No. 26 at 2.) Moreover, he does not refer to his fifth request. Accordingly, the Court construes Johnson's motion as not seeking to compel responses to his second, third, and fifth requests for documents.

4

> Response: OBJECTION. Responding Defendants OBJECT to this Request to the extent it assumes facts not in evidence.
> Responding Defendants further OBJECT to the extent this Request is vague, overbroad and ambiguous in that Plaintiff does not specify what grievances he is referring to where he requested video footage.
>
> To the best of Defendants' knowledge, SCI-Mahanoy does not have any video. In addition, we currently have no video from Frackville. The Defendant[s] will supplement this response if video becomes available.

(Doc. No. 26-1 at 5-6, 8.)

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the court's discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The court's decision regarding the conduct of discovery, including whether to compel disclosure, will only be disturbed on a showing of an abuse of discretion. *See Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often – and appropriately – apply liberal treatment to discovery rules. *See, e.g.*, *Clements v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing *Great W. Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Nonetheless,

5

a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). *McConnell v. Canadian Pac. Realty Co.*, 280 F.R.D. 188, 192-93 (M.D. Pa. 2011).

With respect to his first request, which seeks the production of his entire medical record, the Court agrees with Defendants that, given their representation that Johnson has been incarcerated since 1998, production of his entire medical record would be unduly burdensome and disproportionate. In his motion, Johnson agrees that his mental health records do not need to be provided but argues that Defendants have refused to provide him his medical records. (Doc. No. 26 at 1.) He has attached several grievances and request slips in support of his argument. These request slips and grievances, however, predate the filing of the instant lawsuit. The Court agrees with Defendants that these documents do not establish that Johnson has been prevented from reviewing and copying his medical records after he requested them in discovery. Defendants informed Johnson that to do so, he needed to submit a Department Form DC-135A, "Inmate Request to Staff," to the Superintendent's Assistant. Now that Johnson is incarcerated at SCI Chester, he would need to submit the form to the Assistant to the Superintendent there. The Court finds that this method of production provides Johnson with a reasonable amount of time to examine and copy the requested documents, in accordance with the DOC's policies. *See*

*Victor v. Varano*, No. 3:11-CV-891, 2012 WL 1514845, at *8 (M.D. Pa. May 1, 2012) (concluding that requiring an inmate to submit an Inmate Request to Staff to the Superintendent's Assistant to examine documents "is a fitting and proper procedure for [an inmate] to follow in securing access to [his] medical records"). Accordingly, Johnson's motion to compel will be denied as to his first request.

In his fourth request, Johnson seeks the production of video footage from SCI Mahanoy and SCI Frackville. Defendants informed Johnson that neither facility had video footage responsive to his requests. (Doc. No. 26-1 at 8.) "[T]he [C]ourt cannot compel the production of things that do not exist. Nor can the [C]ourt compel the creation of evidence by the parties who attest that they do not possess the material sought by an adversary in litigation." *Amfosakyi v. Frito Lay*, No. 1:11-cv-651, 2011 WL 5593133, at *3 (M.D. Pa. Nov. 17, 2011). Accordingly, Johnson's motion to compel will be denied with respect to his fourth request.

## III. CONCLUSION

For the foregoing reasons, Johnson's motion to compel discovery (Doc. No. 26) will be denied. An appropriate Order follows.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: June 24, 2019