**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAHEEM JOHNSON,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:18-cv-203** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **DEPUTY TRITT**, *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

This matter is before the Court pursuant to the motion to show cause (Doc. No. 56) and motion to compel discovery (Doc. No. 57) filed by *pro se* Plaintiff Raheem Johnson. Defendants filed a response to the motion to compel on November 4, 2019.[1] (Doc. No. 59.) Johnson has neither filed a reply brief nor moved for an extension of time to do so. Accordingly, the motions are ripe for disposition.

## I. BACKGROUND

Johnson, who is presently confined at the State Correctional Institution in Chester, Pennsylvania ("SCI Chester"), initiated this action in January of 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* with the United States District Court for the Eastern District of Pennsylvania. (Doc. Nos. 1, 5.) In his complaint, Johnson alleges that while he was

---

[1] Defendants initially filed their brief in opposition on November 4, 2019, but the Clerk of Court advised counsel to refile the document using a certain event on the CM/ECF filing system. Counsel did not do so until November 12, 2019.

confined at SCI Frackville and SCI Mahanoy, Defendants violated his rights under the Eighth Amendment, as well as his rights under the Americans with Disabilities Act ("ADA"), by failing to provide handicap-accessible showers, pain medication, and a referral to a patella specialist. (Doc. No. 5.) By Order entered on January 26, 2018, the Eastern District of Pennsylvania transferred the matter to this Court. (Doc. No. 3.) Defendants Bowser, Brittian, Delbaso, Dowd, Holly, Moore, Mros, Tritt, Wetzel, and the Department of Corrections ("DOC") filed their answer to Johnson's complaint on July 9, 2018. (Doc. No. 20.)

Defendant Dr. Pandya has not yet appeared in this action. By Order entered on April 16, 2019, the Court directed the United States Marshal Service to serve him with a summons and copy of the complaint. (Doc. No. 35.) On August 15, 2019, the summons was returned as unexecuted with a note that Defendant Pandya had retired in November of 2018. (Doc. No. 49.) Accordingly, by Order entered on August 30, 2019, the Court directed Johnson to show cause within fourteen (14) days why Defendant Pandya should not be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 52.) After receiving an extension of time (Doc. Nos. 52, 53), Johnson filed his motion to show cause (Doc. No. 56), which appears to be his response to the Court's August 30, 2019 Order. Johnson has also filed a motion to compel discovery, in which he requests that the

Court compel the Attorney General's office to provide an address for Defendant Pandya for service. (Doc. No. 57.) Johnson also requests that the Court order Defendants to allow him to purchase a copy of his medical records. (*Id.*)

## II. DISCUSSION

### A. Defendant Pandya

Johnson filed his motion to show cause in response to this Court's August 30, 2019 Order directing him to show cause why Defendant Pandya should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. In his motion to show cause, Johnson avers that as a *pro se* litigant, he "[has] no options to serve the defendant Dr. Pandya, [and] had only the Marshals service to serve the Defendant." (Doc. No. 56 at 2.) He states that he "doesn't have the power to move freely and or to have access to the internet" in order to locate Defendant Pandya's last known whereabouts. (*Id.* at 3.) Johnson suggests that his last option "is to file the attached motion to compel the Attorney General to provide the U.S. Marshal service with the address of Dr. Pandya." (*Id.*) As noted above, in his motion to compel, Johnson requests that the Court compel Defendants "to produce the forwarding address of Dr. Pandya to the U.S. Marshals office." (Doc. No. 57 at 1.) In response, counsel for Defendants states that he "does not represent Dr. Pandya,

and as such, cannot accept service or otherwise act on Dr. Pandya's behalf." (Doc.

No. 59 at 1.)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the [C]ourt—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the [C]ourt must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Rule 4(m) does not define "good cause," but the United States Court of Appeals for the Third Circuit has equated it with the "excusable neglect" standard set forth in Rule 6(b)(2) of the Federal Rules of Civil Procedure.  *See MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).  Thus, good cause "require[s] a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules."  *See id.*  "[T]he primary focus is on the plaintiff's reasons for not complying with the time limit in the first place."  *See id.*; *see also Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).  When considering whether a plaintiff has shown good cause, courts also consider "(1) the reasonableness of [the] plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time."  *See*

*Holmes v. St. Vincent Health Ctr.*, No. 06-cv-199E, 2007 WL 2541790, at *2 (W.D. Pa. Aug. 31, 2007).

As a *pro se* litigant proceeding *in forma pauperis*, Johnson is not responsible for personally effectuating service. *See* 28 U.S.C. § 1915(c) (noting that "the officers of the [C]ourt shall issue and serve all process" when the plaintiff is proceeding *in forma pauperis*). When a plaintiff is proceeding *in forma pauperis*, the plaintiff "shows good cause [for purposes of Rule 4(m)] when either the [D]istrict [C]ourt or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3)." *See Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008); *see also Welch v. Folsom*, 925 F.2d 666, 670 (3d Cir. 1991). Nevertheless, the plaintiff must "furnish [] the Marshal with the necessary information to effect service" before arguing that good cause exists for purposes of Rule 4(m). *See Okagbue-Ojekwe v. Fed. Bureau of Prisons*, No. 03-2035 (NLH), 2007 WL 4570075, at *3 (D.N.J. Dec. 26, 2007); *see also Goodwin v. LA Weight Loss Ctrs., Inc.*, No. 99-6639, 2001 WL 34387933, at *1 (E.D. Pa. 2001) (noting that "[a]s long as the plaintiff provides adequate information to identify the party to be served, a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service").

In the instant case, well more than ninety (90) days have elapsed since Johnson filed his complaint. As noted *supra*, the summons issued to Defendant Pandya came back unexecute with a note that Defendant Pandya had retired in November of 2018. (Doc. No. 49.) Upon consideration of Johnson's motion to show cause, the Court concludes that, given his status as an inmate, Johnson has extended his best efforts to locate Defendant Pandya. The Court, therefore, concludes that Johnson has established good cause for why Defendant Pandya should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure at this time. Accordingly, Johnson's motion to show cause (Doc. No. 56) will be granted to the extent that the Court will not dismiss Defendant Pandya at this time.

As noted above, Johnson also requests that the Court compel Defendants to compel "the office of the Attorney General to produce the forwarding address of Dr. Pandya to the U.S. Marshals office." (Doc. No. 57 at 1.) In response, Defendants state that counsel "does not represent Dr. Pandya, and as such, cannot accept service or otherwise act on Dr. Pandya's behalf." (Doc. No. 59 at 1.) At this time, however, neither Johnson nor the Court is requesting that counsel for Defendants accept service or act on Dr. Pandya's behalf. In light of Johnson's *pro se* status, the Court will grant his motion to compel (Doc. No. 57) to the extent that the Court will direct counsel for Defendants to, within seven (7) days of the date of this Order, provide,

6

under seal, any information he may have concerning Defendant Pandya's current whereabouts. If counsel does not have such information, he is directed to advise the Court of that within the same period. Johnson is again reminded that if the Court is unable to effect service on Defendant Pandya, Defendant Pandya will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## B. Johnson's Request for Medical Records

As noted above, Johnson also requests that the Court compel Defendants to allow him to purchase a copy of his medical records from 2009. (Doc. No. 57 at 1.) In response, Defendants state that Johnson has been allowed to review his medical chart and indicate which portions he wants to copy. (Doc. No. 59.) They have attached a declaration from Shirley Laws-Smith, the Corrections Health Care Administrator at SCI Chester, in which she states that on October 25, 2019, Johnson was called to medical, where two (2) medical staff members reviewed his file with him. (Doc. No. 59-1 ¶¶ 3-4.) Johnson chose which sections he wanted to copy and verbalized understanding of the copying fees after being informed of such by medical staff. (*Id.* ¶¶ 4-5.) Accordingly, to the extent Johnson seeks an Order compelling Defendants to allow him to purchase copies of his medical records, his motion to compel discovery (Doc. No. 57) will be denied as moot.

## III.  CONCLUSION

For the foregoing reasons, Johnson's motion to show cause (Doc. No. 56) will be denied to the extent that the Court will not dismiss Defendant Pandya pursuant to Rule 4(m) at this time.  Plaintiff's motion to compel discovery (Doc. No. 57) will be granted in part and denied as moot in part.  The motion will be granted to the extent that the Court will direct counsel for Defendants to, within seven (7) days of the date of this Order, provide, under seal, any information he may have concerning Defendant Pandya's current whereabouts.  If counsel does not have such information, he is directed to advise the Court of that within the same period.  The motion will be denied as moot to the extent Johnson seeks an Order compelling Defendants to allow him to purchase copies of his medical records.  An appropriate Order follows.


s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated:          December 5, 2019